IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DISTRICT

| | | |
|---|---|---|
| Midwest Operating Engineers Welfare Fund; Midwest Operating Engineers Pension Trust Fund; Operating Engineers Local 150 Apprenticeship Fund; Local 150 I.U.O.E. Vacation Savings Plan; Midwest Operating Engineers Retirement Enhancement Fund; Construction Industry Research and Service Trust Fund; and International Union of Operating Engineers, Local 150, AFL-CIO; | ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION |
| Plaintiffs, | ) ) | CASE NO.: |
| v. | ) ) | |
| Huseman & Son Excavating, LLC, an Indiana Limited Liability Company, a/k/a Donald Huseman d/b/a Huseman Excavating; | ) ) ) ) | |
| Defendant. | ) | |

## **COMPLAINT**

Plaintiffs, Midwest Operating Engineers Welfare Fund; Midwest Operating Engineers Pension Trust Fund; Operating Engineers Local 150 Apprenticeship Fund; Local 150 IUOE Vacation Savings Plan; Midwest Operating Engineers Retirement Enhancement Fund (collectively "the Funds"); and Construction Industry Research and Service Trust Fund ("CRF"), bring this action to compel an audit and International Union of Operating Engineers, Local 150, AFL-CIO, brings this action to enforce a Joint Grievance Committee arbitration award entered against Defendant, Huseman & Son Excavating, LLC, a/k/a Don Huseman d/b/a Huseman Excavating ("Huseman").

## COUNT I – FUNDS' SUIT FOR AN AUDIT

1.      This Court has jurisdiction over this action pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132, 1145; and pursuant to § 301 of the Labor Management Relations Act ("LMRA") 29 U.S.C. § 185; and 28 U.S.C. § 1331.

2.      Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA because the breach took place in and Huseman is located in Lake County, Indiana.

3.      International Union of Operating Engineers, Local 150, AFL-CIO ("the Union"), is an employee organization under ERISA, 29 U.S.C. § 1002(4); and a labor organization under the LMRA, 29 U.S.C. § 152(5). Its principal offices are located at 6200 Joliet Road, Countryside, Illinois.  It also maintains an office located at 2193 W. 84th Place, Merrillville, Indiana.

4.      Huseman is an "Employer" within the meaning of ERISA, 29 U.S.C. § 1002(5) and the LMRA, 29 U.S.C. § 152(2), with its principal offices located in Lowell, Indiana.

5.      Huseman & Son Excavating, LLC is the alter ego and/or successor of Donald Huseman d/b/a Huseman Excavating and has substantially identical operations, management, business purpose, locations, contact information, registered agents, signage, equipment, supervision, services, ownership, common financial control, and centralized control of labor relations, in relation to Donald Huseman.

6.      Huseman and the Union are parties to an agreement known as the Indiana Four County Highway agreement (attached as Exhibit A) ("CBA") as well as any and all subsequent

2

master agreements pursuant to Memoranda of Agreement dated April 20, 1970, August 14, 1997, and June 16, 1999 (attached as Exhibit B).

7. The CBA and the Agreements and Declarations of Trust incorporated therein require Huseman to make fringe benefit contributions to the Funds. The Funds are "employee welfare benefit plans" and/or "plans" within the meaning of ERISA, 29 U.S.C. § 1132(e)(2).

8. The CBA and Trust Agreements additionally require Huseman to:

(a) Submit a monthly report stating the names and number of hours worked by every person on whose behalf contributions are required and accompany these reports with payment of contributions based on an hourly rate identified in the CBA;

(b) Compensate the Funds for the additional administrative costs and burdens imposed by any delinquency through payment of liquidated damages in the amount of ten percent of untimely contributions, or twenty percent of such contributions should the Funds be required to file suit;

(c) Pay interest to compensate the Funds for the loss of investment income;

(d) Make its payroll books and records available to the Funds for the purpose of an audit to verify the accuracy of past reporting, and pay any and all costs incurred by the Funds in the audit where it is determined that Huseman was delinquent in the reporting or submission of contributions;

(e) Pay the Funds' reasonable attorneys' fees and costs incurred in the prosecution of any action to require Huseman to submit its payroll books and records for auditing or the recovery of delinquent contributions;

(f) Furnish to the Funds a bond in an amount acceptable to the Funds.

9. Huseman is delinquent and has breached its obligations to the Funds and its obligations under the Plans by failing and refusing to submit all of its contribution reports and its refusal to complete an audit as requested by the Funds.

10. The Funds' agent has demanded that Huseman perform its obligations stated above, but Huseman has failed and refused to so perform (attached as Exhibit C).

WHEREFORE, the Funds respectfully request that:

A. An account be taken as to all employees of Huseman covered by the collective bargaining agreement or agreements as to wages received and hours worked by such employees to determine amounts required to be paid to the Funds, covering the period September 10, 2014 to the present;

B. Huseman be ordered to submit all delinquent monthly contribution reports to the Funds stating the information required to be stated thereon, and to continue submitting such reports while this action is pending;

C. Judgment be entered in favor of the Funds and against Huseman for all costs of auditing Huseman's records, and the Funds' reasonable attorneys' fees and Court costs necessarily incurred in this action as specified herein, or as subsequently determined all as provided for in the Plans and in ERISA;

D. Huseman be permanently enjoined to perform specifically its obligations to the Funds, and in particular, to continue submitting the required reports and contributions due thereon to the Funds in a timely fashion as required by the plans and by ERISA; and,

E. The Funds have such further relief as may be deemed just and equitable by the Court, all at Huseman's cost.

## COUNT II – CRF SUIT FOR AUDIT

1. This Court has jurisdiction over this action pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) because this Court has jurisdiction over the parties and Huseman is situated within this judicial district.

3-7. CRF re-alleges and incorporates herein by reference paragraphs 3 through 7 of Count I as paragraphs 3 through 7 in this Count and as if fully stated herein.

8. CRF is a labor management cooperative committee as that term is defined under Section 302(c)(9) of the LMRA, 29 U.S.C. § 186 (c)(9).

9. The CBA places similar obligations on Huseman with respect to CRF as it does the Funds. Huseman is delinquent and has breached its obligations to the CRF by failing and

4

refusing to submit all of its contribution reports and by its refusal to complete an audit as requested.

10. CRF has demanded that Huseman perform its obligations stated above, but Huseman has failed and refused to so perform (see Exhibit C).

WHEREFORE, CRF respectfully requests that:

A. An account be taken as to all employees of Huseman covered by the collective bargaining agreement as to wages received and hours worked by such employees to determine amounts required to be paid to CRF, covering the period September 10, 2014 to the present;

B. Huseman be ordered to submit all delinquent monthly contribution reports to the CRF stating the information required to be stated thereon, and to continue submitting such reports while this action is pending;

C. Judgment be entered in favor of CRF and against Huseman for all costs of auditing Huseman's records, and the CRF's reasonable attorneys' fees and Court costs necessarily incurred in this action as specified herein, or as subsequently determined all as provided for in the Plans and in ERISA;

D. Huseman be permanently enjoined to perform specifically its obligations to the CRF, and in particular, to continue submitting the required reports and contributions due thereon to CRF in a timely fashion as required by the plans and by ERISA; and,

E. CRF receive such further relief as may be deemed just and equitable by the Court, all at Huseman's cost.

## COUNT III - SUIT TO ENFORCE JOINT GRIEVANCE COMMITTEE AWARD

1. This Court has jurisdiction over this action pursuant to Section 301 of the Labor-Management Relations Act (LMRA) of 1947, 29 U.S.C. §185.

2. Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) because this Court has jurisdiction over the parties, and pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the events at issue occurred in the Northern District of Indiana.

3-6. Local 150 re-alleges and hereby incorporates by reference Paragraphs 3 through 6 of Count I as if fully incorporated herein.

7. Article IX, Section 1 of the Master Agreement effective May 1, 2014 through April 30, 2017 contains a grievance procedure (Ex. A at 21-25). A "grievance" is any claim or dispute involving an interpretation or application of the Agreement (*id.*). The grievance procedure requires the parties to participate in a Step 1 and/or Step 2 conferences (*id.*). Where the grievances are not settled, the Union may submit its grievances for consideration by a Joint Grievance Committee ("JGC") (*id.*). Where the JGC resolves a grievance, no appeal may be taken and such resolution shall be final and binding on all parties (*id.*).

8. Beginning in June, 2016, disputes arose between Local 150 and Huseman under the terms of the Master Agreement. Local 150 alleged that Huseman was operating equipment in violation of the Bargaining Unit (Article II, Section 1), Recognition, (Article II, Section 4), Prevailing Wage Scales (Article II, Section 8), Hiring Hall (Article VIII), and Fringe Benefits and Wage Rates (Article XII) provisions of the Master Agreement. The parties attempted to resolve the disputes at a Step One conference pursuant to the Master Agreement but were unable to do so.

9. Pursuant to Step Two of the Master Agreement, on June 29, 2016 and July 6, 2016, Local 150 reduced the grievances against Huseman to writing and sought to set up a meeting whereby the grievances could be resolved. The parties were unable to resolve the dispute at the Step Two meetings (copies of the June 29, 2016 and July 6, 2016 letters are attached as Exhibit D).

10. Pursuant to Step Three of the contractual grievance procedure, Local 150 submitted the grievance to the JGC. On August 26, 2016, the JGC conducted a hearing into the grievance brought by Local 150 against Huseman. Based upon the evidence presented, the JGC found "Huseman Excavating a/k/a Huseman & Son Excavating, LLC" in violation of the

Agreement and in favor of Local 150 (a true and correct copy of the JGC award is attached as Exhibit E).

11. By letters dated November 28, 2016 and March 3, 2017, Local 150 informed Huseman of the JGC's decision and award (copies of the letters are attached as Exhibit F). Despite repeated demands by Local 150, Huseman has failed and refused to comply with the JGC award.

12. Huseman failed to comply with the JGC awards within ten days. Therefore, pursuant to Step Three of the contractual grievance procedure, Huseman is required to pay an additional ten (10%) percent of all amounts owed as liquidated damages for its failure to comply with the decision or award.

13. In addition, Huseman must pursuant to the Master Agreement pay the attorneys' fees and costs of Local 150 incurred due to the necessity of pursuing this action.

WHEREFORE, Local 150 prays that the Court enter an order:

A. Enforcing the JGC award finding Huseman in violation of the Master Agreement;

B. Compelling Huseman to pay Local 150 $1,889.36 in lost wages and liquidated damages;

C. Awarding Local 150 its costs and attorneys' fees for this action; and

D. Awarding such other relief as the Court deems just and proper.

Dated: September 21, 2017　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　By:　s/Brad H. Russell
　　　　　　　　　　　　　　　　　　　　　　One of the Attorneys for the Plaintiffs

Attorneys for Local 150:　　　　　　　　Attorney for the Funds:

Dale D. Pierson　　　　　　　　　　　　Brad H. Russell
Elizabeth A. LaRose　　　　　　　　　　Institute for Worker Welfare, P.C.
Brad H. Russell　　　　　　　　　　　　6141 Joliet Road
Local 150 Legal Dept.　　　　　　　　　Countryside, IL 60525
6140 Joliet Road　　　　　　　　　　　Ph: (708) 579-6613
Countryside, IL 60525　　　　　　　　　Fx: (708) 588-1647
Ph: (708) 579-6663　　　　　　　　　　brussell@loca1150.org
Fx: (708) 588-1647
dpierson@local150.org
elarose@local150.org
brussell@local150.org